HARRELL et al. v. HOLMES.  (No. 538.)

(Court of Civil Appeals of Texas.  El Paso. Feb. 24, 1916.  On Rehearing, March 23, 1916.)

INJUNCTION ☞146 — ISSUANCE — TEMPORARY INJUNCTION—ANSWER.

Rev. Civ. St. art. 7271, declares that every inspector shall have power to and may seize and sequestrate all unmarked or unbranded calves or yearlings freshly marked and branded which are about to be driven or shipped out of the county unless such animals are accompanied by the mother or are identified by the presentation of a bill of sale from a person proven to be

the owner, while article 7272 declares that every inspector shall have power to and may seize and sequestrate all unbranded animals or hides and animals and hides upon which the brand cannot be ascertained which are about to be taken or shipped out of the county. Plaintiff's petition averred that he was the owner of cattle which were being shipped from Mexico through Texas to another state; that the animals had been temporarily stopped to comply with the laws of the United States governing their transportation; that defendants, as inspectors of hides and animals for the county, were threatening to cause such animals to be seized by writ of sequestration; and that they intended to make a false report to the district judge of some violation of the stock laws of Texas. The petition further averred that the cattle were duly branded. *Held*, that defendants having admitted they intended to seize the cattle, but having denied that they intended to proceed against them in any other manner than as provided by law, does not preclude issuance of an injunction; it appearing from the petition, which was not denied, that the animals were not subject to the stock law.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 319; Dec. Dig. &#9750;146.]

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by George M. Holmes against William Harrell and others. From an order granting a temporary injunction, defendants appeal. Affirmed.

Del W. Harrington and Mulcahy & Loftus, all of El Paso, for appellants. F. G. Morris and T. A. Falvey, both of El Paso, for appellee.

HARPER, C. J. This is an appeal from an order granting a temporary injunction, upon substantially the following allegations of fact: Plaintiff, a resident of Arizona, complaining of William Harrell, as inspector of hides and animals for the county of El Paso, Tex., and his deputy, as defendants; that he is the owner of a certain 2,000 head of cattle now in said county and branded by brands described, and which he had theretofore imported from the republic of Mexico; that defendants, as inspectors of hides and animals, are threatening to cause them to be seized by the sheriff of El Paso county by writ of sequestration under articles 7271 to 7273 and 7297 to 7302 of the Revised Civil Statutes of Texas 1911; that such seizure will probably be made unless injunction is granted as prayed for, to the injury of the cattle, etc. It was further alleged that the defendants intend to make a false report to a district judge in El Paso county of some violation of the stock laws of Texas, which report, if true, might induce said judge to order a sequestration of said cattle, if the said stock laws are valid and applicable to said shipment of cattle from Mexico; that such report, if made, would not be made in good faith in the belief by said defendant that the said report was true, but in bad faith, and for the purpose of serving the interests of said defendants and others; that said cattle are not passing through El Paso county otherwise than as a part of the transporta-

tion of an international shipment from Mexico across Texas to another state, they being only temporarily stopped in El Paso county in order to comply with the laws of the United States governing their importation, all of which defendants well knew; that defendants do not offer to inspect the cattle, but seek to seize the same without inspection or offer of inspection.

This petition was submitted to the judge November 11, 1915, whereupon he granted a temporary restraining order, and set the hearing for temporary injunction for November 15, 1915.

Defendants answered by general and special exceptions, and, pleading specially to the merits, answer as follows: Admit that it was their intention to make application to the court for the writ of sequestration under which the greater part of the cattle held by plaintiff in his said herd, and possibly all of them, might be seized and handled as the law provides, to the end that the true and lawful owners of said cattle might have opportunity to recover them or the proceeds of the sale thereof from the plaintiff, who, as defendants believe, has unlawfully acquired said cattle; that they, as inspector and deputy of hides and animals, are bound under their respective oaths of office to perform the duties prescribed by the statute, are subject to penalties for not doing so, and will do so if not restrained by order of court, etc. Further deny that they now have or ever had any intention of making any false report to any justice or judge of El Paso county, or to in any manner proceed against said cattle in any other manner than as the law requires them to do.

Article 7271, Revised Civil Statutes 1911:

"Every inspector shall have power to and may seize and sequestrate all unmarked or unbranded calves or yearlings, * * * freshly marked or branded, and on which the fresh marks or brands are unhealed, which are about to be * * * driven or shipped out of the county, unless such animals are accompanied by the mothers thereof, or are identified by the presentation of a bill of sale from the person proved to be the owner thereof, signed by him or his legally authorized agent," etc.

Article 7272:

"Every inspector shall have power to and may seize and sequestrate all unbranded animals or hides, and animals and hides upon which the * * * brand cannot be ascertained, which are about to be taken or shipped out of the county, or which animals are to be slaughtered, unless such animals or hides are identified as provided in the preceding article."

The trial court granted the injunction upon the sworn pleadings, no evidence having been offered, which was clearly his duty to do.

These statutes provide for seizure only in case grown animals are unbranded, or if calves or yearlings unmarked or unbranded, etc. The allegations are that the cattle were branded with the brands described in the petition. The defendants do not deny that the cattle were branded as alleged by plaintiff, nor do they assert that the brands could not

be ascertained. Having admitted that they intended to seize the cattle as charged by plaintiff, it is not sufficient for them to say that they did not intend to "proceed against the cattle in any other manner than as provided by law" to relieve them from the injunctive relief prayed for; for the allegations in plaintiff's petition were sufficient to authorize the court to grant the writ prayed for unless the defendants deny the material allegations thereof and show by allegations of fact under oath that the cattle were subject to seizure under the statutes. This they have not done.

For this reason, the order granting the injunction must be affirmed.

### On Rehearing.

Appellants urge the well-settled principle of law that a public officer will not be enjoined from performing the duties of his office under a valid law, and cites many authorities.

We are of opinion that the record presents no reason for us to pass upon the validity or constitutionality of the statutes involved, nor as to whether shipments of cattle from the republic of Mexico through Texas, if stopped in transit, are subject to inspection or seizure thereunder by the inspector, because, granting that the statutes are valid and applicable to such shipments in proper cases, the plaintiff, by sworn pleading, shows that the cattle in question were not subject to seizure under any of the provisions of the statutes, and the inspector having admitted that he intended to sequestrate the cattle, if not enjoined by a court of competent jurisdiction, and in his answer failed to allege any facts which would authorize the process, in view of the plaintiff's allegations that none existed. We simply hold that there is no authority for the writ, and therefore no duty to be performed by the hide and animal inspector, and his declaration that he intended to act without showing authority to act clearly means that he was to act outside of the statutory line of his duty, and upon the latter theory alone is the opinion of the court predicated.

The motion is therefore overruled.